IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


CURTIS LEWIS                              )
                                          )
              v.                          )        NO. 3:06-0047
                                          )
PRISON HEALTH SERVICES, et al.            )


TO:    Honorable Todd J. Campbell, Chief District Judge


## R E P O R T   A N D   R E C O M M E N D A T I O N

This action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(B)(1)(A) and

(B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court, for pre-trial

management of the case.

Presently pending is the joint Motion to Dismiss (Docket Entry No. 61) filed by the

defendants in this action. The plaintiff has not filed a response to the motion.[1] For the reasons set

out below, the Court recommends that the motion be granted and this action be dismissed.


## I. BACKGROUND

The plaintiff filed this action while he was an inmate at the Nashville Criminal Justice Center

("CJC"). He asserted that he was not being provided with adequate medical care at the CJC in

violation of his constitutional rights and sought damages and injunctive relief under 42 U.S.C.

§ 1983 against three defendants: Donald Lawmen, Norman Crawford, and Prison Health Services.

---

[1] By Order entered October 5, 2007 (Docket Entry No. 63), the plaintiff was notified of the
motion and the need to respond.

The defendants answered the complaint, see Docket Entry Nos. 12, 14, 37, and 43, and scheduling orders were entered to facilitate pretrial activity in the action. See Docket Entry Nos. 20 and 48. The docket sheet in the action reflects that, on May 29, 2007, the plaintiff appeared at the Clerk's Office and notified the Clerk that his address had changed, and his address was changed on the docket to that provided by the plaintiff.

On June 4, 2007, Defendants Crawford and Prison Health Services filed a motion to compel the plaintiff to cooperate in discovery because of his failure to answer questions at his deposition. See Docket Entry No. 58. The plaintiff did not respond to the motion, and, by Order entered August 23, 2007 (Docket Entry No. 59), the Court granted the motion and ordered the plaintiff to answer questions at a second deposition to be rescheduled upon notice served by the defendants, giving the plaintiff at least two weeks advance notice. The plaintiff was warned that his failure to obey the Court's Order could result in a recommendation that the action be dismissed.

On September 28, 2007, the defendants filed the pending joint motion to dismiss. See Docket Entry No. 61. They assert that the plaintiff has failed to apprise the Court and the defendants of his current whereabouts and is no longer accepting mail at the address listed for him on the docket in this case. They contend that this has resulted in his failure to appear at his second deposition which was scheduled for September 12, 2007, and that all certified mail they have sent to him has been returned "unclaimed."[2]

---

[2] Counsel for defendant Lawman states that, on August 1, 2007, he attended a case management conference in another case against Lawman involving the plaintiff and that the plaintiff stated that his current address was the address on file with the Clerk at the time. See Docket Entry No. 62 at 2.

2

By Order entered October 5, 2007 (Docket Entry No. 63), the Court notified the plaintiff of the pending motion and the need to respond. The plaintiff has not responded to the motion or to the Court's Order.

## II. CONCLUSIONS

Rule 37(d) of the Federal Rule of Civil Procedure provides that a court may make such orders "as are just" when a party fails to appear for a properly noticed deposition, fails to serve answers or objections to interrogatories submitted under Rule 33 of the Federal Rules of Civil Procedure, or fails to serve written responses to request for production of documents under Rule 34 of the Federal Rules of Civil Procedure. The Court may impose as sanctions any action authorized under Rule 37(b)(2)(A), (B), or (C). Subsection (C) authorizes as a sanction:

> An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party;

Rule 37(b)(2)(C). The imposition of sanctions, or the type of sanctions imposed, is within the sound discretion of the court based on the facts of each particular case. See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976); Regional Refuse Systems v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988).

It is also well settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

Case 3:06-cv-00047   Document 66   Filed 11/05/07   Page 3 of 5 PageID #: 248

The plaintiff's conduct warrants dismissal of the action under Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure. The plaintiff has failed to appear for his properly noticed and scheduled deposition despite being ordered by the Court to appear and answer questions. The plaintiff has further not responded in any manner to the defendants' motion to dismiss this action.

Because of the plaintiff's conduct, discovery in this case has effectively stopped. The defendants have been prejudiced by being unable to resolve the claims brought against it and by being required to address the impasse in discovery caused by the plaintiff.

The action should be dismissed with prejudice due to the plaintiff's willfulness and fault in failing to engage in discovery. The plaintiff has exhibited an unwillingness to prosecute the action in the normal fashion. Dismissal of the action with prejudice is appropriate in light of the plaintiff's lack of interest in the action, the hardship it would cause the defendants to face the prospect of defending a future action based on allegations which they have attempted to defend against in this action, the impasse in discovery caused by the plaintiffs' refusal to participate in discovery, and the needless expenditure of resources by both the Court and the defendants caused by the plaintiff's conduct.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 61) filed by Donald Lawman, Norman Crawford, and Prison Health Services be GRANTED and this action be DISMISSED with prejudice.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific

4

portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET  GRIFFIN
United States Magistrate Judge

5